UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHANDAN SINGH,<br><br>            Plaintiff,<br><br>v.<br><br>SAPPHIRE SOFTWARE SOLUTIONS INC.;<br>SANTOSH SOLLETI, an individual;<br>VET STAFFING US LLC<br>a/k/a Vetstaffus Inc. a/k/a VetStaff US LLC;<br>XAXIS US, LLC; and<br>THE CSS NYC LLC,<br><br>            Defendants. | **FIRST AMENDED COMPLAINT**<br><br>Case No. 1:15-cv-02783-RRM-RLM<br><br>**JURY TRIAL REQUESTED** |

## INTRODUCTION

1. COMES NOW the Plaintiff and, pursuant to Fed. R. Civ. Proc. 15(a)(1)(A) amends his Complaint once as a matter of course before being served with a responsive pleading. The purpose of this amendment is to add an additional Defendant, Santosh Solleti. This Complaint shall supersede and replace all foregoing Complaints filed in this action to date.

2. Plaintiff Chandan Singh worked as a Linux Administrator for approximately two months. During this time, he was wholly unpaid for the majority of his employment. To challenge these and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants Sapphire Software Solutions Inc.; its principal, Santosh Solleti; Vet Staffing US LLC; Xaxis US, LLC; and The CSS NYC LLC, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL").

3. Plaintiff also brings unjust enrichment and breach of contract claims as alternative legal theories and/or for any aspects of his claims that were to fall outside the purview of the statutory wage laws.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

6. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred where Defendants stationed Plaintiff for his work site, the Xaxis office located at 132 W 31st St #9, New York, New York.

## PARTIES

**Overview of the Corporate Defendants**

7. Defendant Sapphire Software Solutions is a California-based technology staffing company, advertising itself on its website as "an industry-leading IT staffing and business solutions firm." The singular paycheck Plaintiff did receive during his work with Defendants, bore the name Sapphire Software Solutions.

8. There was a written employment agreement between the parties for the work at issue in this lawsuit. The letterhead was that of Defendant The CSS NYC LLC, and the introductory paragraphs of that agreement read, in part "Agreement will summarize all of

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Singh v. Sapphire Software Solutions*
USDC, Southern District of New York

First Amended Complaint
Page 2

the terms and conditions of your engagement to assist Vetstaffus Inc. (VS) in providing processing and contract programming services to various business enterprises that are its customers. It also summarizes the other terms and conditions of your engagement by SapphireSoftware Solutions (SSS) … In the Agreement, 'we, us, our, ours' means VS, 'Customer' means the person to whom you are providing specified services at our direction…"

9. Xasis holds itself out as "a global digital media platform that programmatically connects advertisers and publishers to audiences across all addressable channels." Plaintiff was physically situated in the Xasis office in Manhattan, performing computer work for Xasis purposes.  Xasis is a "Customer" of Sapphire Software Solutions.

10. VetStaffing is a New York based IT staffing agency, advertising its services on its website in part by stating that "VetStaffing will satisfy all of your full time and temporary IT staffing requirements…"  The DOS process address for VetStaffing is the same as the address The CSS NYC LLC listed in its letterhead in the employment agreement.

**Defendant Sapphire Software Solutions Inc.**

11. Defendant **Sapphire Software Solutions Inc.** is a foreign corporation doing business within the County of New York, and whose principal place of business is located at 3116 Vittoria Loop, Dublin, California  94568.  It is not registered with the NYS Department of State.

12. At all relevant times, Defendant Sapphire Software Solutions had annual gross revenues in excess of $500,000.

13. At all relevant times, Defendant Sapphire Software Solutions was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Singh v. Sapphire Software Solutions*
USDC, Southern District of New York

First Amended Complaint
Page 3

FLSA, 29 U.S.C. §§ 206(a) and 207(a).

14. At all times material to this action, Defendant Sapphire Software Solutions was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Vet Staffing US LLC**

15. Defendant **Vet Staffing US LLC** is a New York corporation doing business within the County of New York, and whose principal place of business is located at 112 West 34th Street, Suite 1727, New York, NY 10120.  Its DOS Process address listed with the NYS Department of State is 200 Business Park Drive, Suite 200, Armonk, New York 10504.

16. At all relevant times, Defendant Vet Staffing had annual gross revenues in excess of $500,000.

17. At all relevant times, Defendant Vet Staffing was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

18. At all times material to this action, Defendant Vet Staffing was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Xaxis US, LLC**

19. Defendant **Xaxis US, LLC** is a foreign corporation doing business within the County of New York, and whose principal place of business is located at.  Its  does not have a DOS Process agent listed with the NYS Department of State.

20. At all relevant times, Defendant Xaxis had annual gross revenues in excess of $500,000.

21. At all relevant times, Defendant Xaxis was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Singh v. Sapphire Software Solutions*
USDC, Southern District of New York

First Amended Complaint
Page 4

22. At all times material to this action, Defendant Xaxis was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant The CSS NYC LLC**

23. Defendant **The CSS NYC LLC** is a New York corporation doing business within the County of Westchester, and whose principal place of business is located at 200 Business Park Drive, Suite 200, Armonk, New York 10504.  Its DOS Process address is listed with the NYS Department of State as The CSS NYC LLC, PO Box 503, Armonk, New York, 10504.

24. At all relevant times, Defendant The CSS NYC LLC had annual gross revenues in excess of $500,000.

25. At all relevant times, Defendant The CSS NYC LLC was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

26. At all times material to this action, Defendant The CSS NYC LLC was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Santosh Solleti**

27. Defendant Santosh Solleti, an individual, is a resident of New Jersey, living at 3518 Ravens Crest Drive, Plainsboro, New Jersey, upon information and belief.

28. At all times material to this action, Defendant Solleti actively participated in the business of Sapphire.

29. Defendant Soletti is an or the owner of Sapphire, upon information and belief.

30. Defendant Soletti is the registered agent of Sapphire, according to the California Secretary of State.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Singh v. Sapphire Software Solutions*
USDC, Southern District of New York

First Amended Complaint
Page 5

31. At all times material to this action, Defendant Solleti exercised substantial control over the functions of Sapphire's employees including Plaintiff. For example, he hired Plaintiff, set Plaintiff's rate of pay, and directed Plaintiff as to the kinds of work activities he was expected to perform.

32. At all times material to this action, Defendant **Santosh Solleti** was subject to the FLSA and was an additional "employer" of the Plaintiff, as defined by § 203(b) of the FLSA and NYLL.

**Plaintiff Chandan Singh**

33. Plaintiff Chandan Singh is a resident of Pittsburgh, Pennsylvania.

34. At all times material to this action, Plaintiff Singh was an "employee" within the meaning of 29 U.S.C. § 203(e).

35. Plaintiff Chandan Singh worked for Defendants from January 20, 2015 to March 13, 2015, or thereabouts.

36. While in this position, Plaintiff Singh was paid on an hourly basis.

37. According to the parties' written employment agreement, "The agreed upon rate is $60.00 per hour for a 10 hour day."

38. While working in this capacity, Plaintiff Singh filled out and submitted time sheets reflecting exactly 8 hours for each workday he worked, for the vast majority if not all of his workdays.

39. Plaintiff Singh generally worked around 8 hours a day, five days a week, for Defendants.

40. Singh estimates that generally he worked approximately 40 hours per week.

41. Despite working for defendants for about eight weeks, Singh only ever received one paycheck, only covering the first pay period of his work.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Singh v. Sapphire Software Solutions*
USDC, Southern District of New York

First Amended Complaint
Page 6

# LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

42. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Minimum Wage*

43. By failing to pay him altogether for most workweeks, Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of the FLSA.

*Willful & Not Based On Good Faith & Entitlement to Damages*

44. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

45. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

46. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

47. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

48. At all relevant times, Plaintiff was employed by Defendants within the meaning of the

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Singh v. Sapphire Software Solutions*
USDC, Southern District of New York

First Amended Complaint
Page 7

New York Labor Law, §§ 2 and 651.

*Failure To Pay Minimum Wage*

49. Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of NYLL § 652.

*Improper Deductions / Failure to Pay "Wages"*

50. The Defendant made deductions from the wages of Plaintiff other than those authorized under NYLL § 193. See also 12 N.Y. Comp. Codes R. & Regs. 142-2.10

51. Specifically, Defendants made deductions to Plaintiff's wages by simply not paying him at all for several workweeks.

*Failure To Pay Wages At Prescribed Frequency*

52. Plaintiff was a "clerical [or] other worker" as that term is defined in NYLL § 190(7).

53. Plaintiff was not consistently paid on regular paydays designated in advance by the employer not less frequently than semi-monthly, in violation of NYLL § 191(1)(d).

54. When Plaintiff was separated from the company, the employer failed to pay the wages owing in his final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

*Willfulness and Damages*

55. Defendants willfully violated the rights of Plaintiff by failing to pay him for all of the hours he worked.

56. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover his unpaid wages, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Singh v. Sapphire Software Solutions*
USDC, Southern District of New York

First Amended Complaint
Page 8

## As And For A Third Cause of Action:
## BREACH OF CONTRACT/UNJUST ENRICHMENT

57. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

58. To the extent that any of the claims described above were to be found to be outside of the purview of the FLSA and/or NYLL, they would still be actionable under concepts of contract or quasi-contract law.

59. Plaintiff does not claim entitlement to duplicative damages under contract or quasi-contract theories, but to the extent that any aspect of his allegations were to fall outside of their boundaries, Plaintiff pleads these theories in the alternative.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)  Award Plaintiff unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B)  Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C)  Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D)  Award Plaintiff interest;

(E)  Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(F)  Award such other and further relief as this Court deems necessary and proper.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Singh v. Sapphire Software Solutions*
USDC, Southern District of New York

First Amended Complaint
Page 9

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **20th** day of **October, 2015.**

ANDERSONDODSON, P.C.

*/s/ Penn Dodson*

**Penn Dodson (PD 2244)**
*penn@andersondodson.com*
Attorney for Plaintiff

11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 direct
(646) 998-8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Singh v. Sapphire Software Solutions*
USDC, Southern District of New York

First Amended Complaint
Page 10